```
              IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF PUERTO RICO
```

| | |
|---|---|
| JOSE JAVIER DELGADO-UGARTE,<br><br>**Plaintiff**,<br><br>v.<br><br>BANK OF AMERICA CORPORATION;<br>MERRILL LYNCH, PIERCE, FENNER<br>& SMITH, INC.; INSURANCE<br>COMPANY A, B & C; JOHN DOE,<br><br>**Defendants**. | **Civil No**. 15-2332 (FAB) |

**MEMORANDUM AND ORDER**[1]

BESOSA, District Judge.

Before the Court is a partial motion to dismiss filed by Bank of America Corporation and Merrill Lynch, Pierce, Fenner & Smith, Inc. (collectively, "defendants"). (Docket No. 10.) Defendants move to dismiss plaintiff Jose Javier Delgado-Ugarte ("Delgado-Ugarte")'s claims of (1) retaliation pursuant to Puerto Rico Law 115 of 1991 ("Law 115") and (2) negligent and intentional infliction of emotional distress pursuant to Articles 1802 and 1803 of the Puerto Rico Civil Code ("Articles 1802 and 1803"). Id. Delgado-Ugarte opposed the motion, (Docket No. 14), defendants replied, (Docket No. 17), and Delgado-Ugarte filed a surreply, (Docket No. 20). For the reasons that follow, defendants' partial motion to dismiss is **GRANTED.**

---

[1] Nathanael R. Krevor, a second-year student at The George Washington University Law School, assisted in the preparation of this Memorandum and Order.

## I.  RULE 12(b)(6) MOTION TO DISMISS STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a Court to dismiss a complaint when the pleading fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  Resolving a motion to dismiss requires a two-step approach.  First, the Court "isolate[s] and ignore[s] statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements."  Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55 (1st Cir. 2012).  Second, the Court "take[s] the complaint's well-pled (*i.e.*, non-conclusory, non-speculative) facts as true, drawing all reasonable inferences in the pleader's favor, and see[s] if they plausibly narrate a claim for relief."  Id.

"The relevant question for a district court in assessing plausibility is not whether the complaint makes any particular factual allegations but, rather, whether 'the complaint warrant[s] dismissal because it failed *in toto* to render plaintiffs' entitlement to relief plausible.'"  Rodriguez-Reyes v. Molina-Rodriguez, 711 F.3d 49, 55 (1st Cir. 2013) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 569 n.14 (2007)).

## II.  FACTUAL ALLEGATIONS

Plaintiff Delgado-Ugarte worked for defendants for over seven years, starting in June 2007.  (Docket No. 1 at p. 2.)  In November 2014, Delgado-Ugarte discussed with defendants and Aetna (defendants' benefits coordinator) the need for family leave

pursuant to the Family and Medical Leave Act of 1993 ("FMLA") due to the expected birth of his daughter.  <u>Id.</u> at p. 6.  Delgado-Ugarte submitted his family leave request on December 4, 2014, and Aetna confirmed receipt of Delgado-Ugarte's request on December 5, 2014.  <u>Id.</u> at pp. 6-7.  On December 15, 2014, defendants terminated Delgado-Ugarte's employment.  <u>Id.</u> at p. 7.

On September 30, 2015, Delgado-Ugarte brought this suit alleging interference of rights pursuant to the FMLA, retaliation for exercising rights pursuant to the FMLA and Law 115, wrongful discharge pursuant to Puerto Rico Law 80 ("Law 80"), and negligent and intentional infliction of emotional distress pursuant to Articles 1802 and 1803.  (Docket No. 1.)

### III.  DISCUSSION

**A.  Law 115**

Law 115 provides that "[n]o employer may discharge, threaten, or discriminate against an employee regarding the terms, conditions, compensation, location, benefits or privileges of the employment should the employee offer or attempt to offer, verbally or in writing, any testimony, expression or information before a legislative, administrative or judicial forum in Puerto Rico."  P.R. Laws Ann. tit. 29, § 194a(a).  Defendants move to dismiss Delgado-Ugarte's Law 115 claim on the ground that he did not engage in protected activity pursuant to Law 115.  (Docket No. 10-1 at pp. 3-5.)

Civil No. 15-2332 (FAB)                                                 4

Delgado-Ugarte does not allege that he communicated or attempted to communicate with a legislative, administrative, or judicial forum as required by Law 115.  To request family leave, Delgado-Ugarte communicated with his employer and his employer's benefits coordinator, which are both private entities.  (Docket No. 1 at p. 6.)  These communications are not protected by Law 115.  See Collazo v. Bristol-Myers Squibb Mfg., Inc., 617 F.3d 39, 45 (1st Cir. 2010) (performing internal request for documents without offering or attempting to offer documents to governmental authority is not protected activity pursuant to Law 115); Lupu v. Wyndham El Conquistador Resort & Golden Door Spa, 524 F.3d 312, 313-14 (1st Cir. 2008) (reporting possible violations of governmental regulations to company management is not protected activity pursuant to Law 115).

To support his Law 115 claim, Delgado-Ugarte cites Feliciano Martes v. Sheraton Old San Juan, 182 P.R. Dec. 368, 409-10 (2011), in which the Puerto Rico Supreme Court held that requesting Non-Occupational Temporary Disability Insurance (commonly referred to by its Spanish-language acronym, "SINOT") benefits pursuant to Puerto Rico Law 139 of 1968 ("Law 139")[2] is protected activity pursuant to Law 115.  The Puerto Rico Supreme Court described the process for requesting SINOT benefits as "quasi-administrative"

---

[2] The purpose of Law 139 is to pay "compensation to workmen for the loss of wages as a result of disability due to illness or accident not connected with employment."  P.R. Laws Ann. tit. 11, § 201.

because (1) even though employers may administer their own SINOT benefit plans, the Puerto Rico Department of Labor and Human Resources must approve those plans, and (2) the Puerto Rico Department of Labor and Human Resources hears all motions for reconsideration of denied requests for SINOT benefits.  Feliciano Martes, 182 P.R. Dec. at 409; see P.R. Laws Ann. tit. 11, §§ 204-205.  The Puerto Rico Supreme Court also mentioned the similarities between SINOT and the State Insurance Fund ("SIF"), a government-administered insurance fund providing workers' compensation benefits, noting that a previous case held that requesting SIF benefits is protected activity pursuant to Law 115.  See Feliciano Martes, 182 P.R. Dec. at 409 (citing Irizarry v. Johnson & Johnson Consumer Prods. Co. (P.R.), 150 P.R. Dec. 155 (2000)).

In contrast, the FMLA does not establish an insurance fund administered by the government or by a private entity, nor does the FMLA mandate the payment of lost wages due to a qualifying need for leave.  See 29 U.S.C. § 2612(c)-(d) (allowing an employer to provide unpaid leave or to require an employee to use accrued paid leave).  Unlike a request for SIF or SINOT benefits, a request for FMLA leave is directed to the employer alone.  See id. § 2612(e)(1).  Furthermore, the government does not approve FMLA leave policies on an employer-by-employer basis.  Finally, unlike Law 139, which establishes a process for the Puerto Rico Department of Labor and Human Resources to reconsider denials of SINOT

benefits, P.R. Laws Ann. tit. 11, § 204(a)-(b), the FMLA has no similar reconsideration process and directs employees to initiate a civil action or file a complaint with the United States Secretary of Labor for interference with rights, 29 U.S.C. § 2617.  For these reasons, requesting FMLA leave is not analogous to requesting SINOT benefits.  Therefore, the Court concludes that a request for family leave made to a private employer pursuant to the FMLA is not protected activity pursuant to Law 115.  See also Santana-Colon v. Houghton Mifflin Harcout Publ'g Co., 81 F. Supp. 3d 129, 136 (D.P.R. 2014) (Delgado-Hernandez, J.) (holding that requesting FMLA leave is not protected activity pursuant to Law 115).

Because plaintiff Delgado-Ugarte does not allege that he communicated or attempted to communicate with a legislative, administrative, or judicial forum, the Court **GRANTS** defendants' motion to dismiss Delgado-Ugarte's Law 115 claim.

**B.   Articles 1802 and 1803**

Article 1802 is Puerto Rico's general tort statute and provides that a person who "causes damage to another through fault or negligence shall be obliged to repair the damage so done."  P.R. Laws Ann. tit. 31, § 5141.  Article 1803 extends liability to employers for damages caused by their employees.  Id. § 5142. Defendants move to dismiss Delgado-Ugarte's Articles 1802 and 1803 claims on the ground that because Delgado-Ugarte filed claims pursuant to specific state and federal laws addressing wrongful

Civil No. 15-2332 (FAB)                                                 7

discharge and retaliation, he cannot bring Article 1802 or 1803 claims based on the same allegations.  (Docket No. 10-1 at pp. 7-9.)

When a plaintiff brings claims covered by a specific labor or employment law, the Puerto Rico Supreme Court and courts in this District bar plaintiffs from bringing claims pursuant to Articles 1802 and 1803 based on the same alleged conduct.  See Franceschi-Vazquez v. CVS Pharmacy, Civ. No. 14-1694 (FAB), 2016 WL 1698292, at *8 (D.P.R. April 27, 2016) (Besosa, J.) (citing cases); Pagan Colon v. Walgreens of San Patricio, Inc., 190 P.R. Dec. 251, 260 (2014).

Delgado-Ugarte fails to allege any negligent or intentional conduct on the part of his employer separate from that covered by specific employment laws.  Delgado-Ugarte alleges that defendants prevented him from exercising his right to FMLA leave, terminated him for requesting FMLA leave, and terminated his employment without just cause.  (Docket No. 1.)  All of defendants' alleged conduct is covered by Delgado-Ugarte's FMLA and Law 80 claims.  Accordingly, the Court **GRANTS** defendants' motion to dismiss Delgado-Ugarte's Articles 1802 and 1803 claims.

## IV.   CONCLUSION

For the reasons discussed above, the Court **GRANTS** defendants' partial motion to dismiss, (Docket No. 10).  Plaintiff Delgado-Ugarte's claims pursuant to Puerto Rico Law 115 and Articles 1802

Civil No. 15-2332 (FAB)                                                        8

and 1803 of the Puerto Rico Civil Code are **DISMISSED WITH PREJUDICE.**

Partial judgment shall be entered accordingly.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, June 1, 2016.

                                        s/ Francisco A. Besosa
                                        FRANCISCO A. BESOSA
                                        UNITED STATES DISTRICT JUDGE